**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| DENNIS HARMON, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No. 2:15-cv-00110-JMS-WGH |
| | ) | |
| BRIAN SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Dennis Harmon is a state prisoner who asserts that a disciplinary proceeding identified as No. ISF 15-02-0497, in which he was found guilty of violating prison rules by his conspiracy to traffic, is tainted with constitutional error.

The pleadings and the expanded record show, however, that Harmon was provided with both the procedural and the substantive protections to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Harmon was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of the findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed. *See Wolff v. McDonnell,* 418 U.S. 539 (1974)(specifying procedural entitlements); *Superintendent v. Hill,* 472 U.S. 445, 454 (1985)(explaining that due process requires the decision of a hearing officer be supported by "some evidence").

The evidence favorable to the decision of the hearing officer is that on February 18, 2015 he used the name and identification number of inmate Jeffrey Ramage during a telephone conversation with the employee of a prison contractor and during that conversation conspired with the employee for her to traffic contraband into the prison. Harmon did not timely request Ramage as a witness at the hearing, so his absence at the hearing did not deprive Harmon of a protected interest. *Sweeney v. Parke,* 113 F.3d 716, 719–20 (7th Cir. 1997), *overruled in part on other grounds by White v. Ind. Parole Bd.,* 266 F.3d 759, 765–66 (7th Cir. 2001). As the respondent notes, moreover, Ramage was interviewed as part of the investigation and his statement was made part of the investigation and the validity of the proceeding does not depend on Harmon actually receiving or possessing the contraband discussed during the telephone conversation. Harmon was not entitled to access to the confidential materials from that investigation, which in this case bears ample indicia of reliability. *Dawson v. Smith*, 719 F.2d 896, 899 (7th Cir. 1983).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Harmon to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:   September 23, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

DENNIS HARMON
169361
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135